## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT SOUTHERN DIVISION

LAURO ESPINO,

       Plaintiff,                                   Case No.
                                                   Hon.

v.

OFFICER MATTHEW MISTRETTA
and CITY OF HARTFORD,
jointly and severally

       Defendants.

_____

Barry Conybeare (P52056)
Nathaniel Harrington (P74782)
Attorneys for Plaintiff
Conybeare Law Office, P.C.
519 Main Street
St. Joseph, MI 49085
P: (269) 983-0561
barry@conybearelaw.com
nate@conybearelaw.com

_____

## COMPLAINT

There is no other pending civil action arising out of the
transaction or occurrence alleged in this Complaint.

Plaintiff, Lauro Espino, through his attorneys, Conybeare Law Office, P.C., states:

## COMMON ALLEGATIONS

1.      At all times relevant to this lawsuit, Plaintiff, Lauro Espino ("Lauro"), resided in

the City of Saint Joseph, County of Berrien, State of Michigan.

2.      Upon information and belief, at all times relevant to this lawsuit, Defendant,

Officer Matthew Mistretta ("Mistretta"), resided in the City of Hartford, County of Van Buren,

State of Michigan.

3.      At all times relevant to this lawsuit, Defendant, City of Hartford, was and is a Municipal Corporation, duly organized and carrying on governmental functions, including City of Hartford Police Department, in the City of Hartford, County of Berrien, State of Michigan.

4.      At all times relevant to this lawsuit, Mistretta was an employee of the Hartford Police Department and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

5.      The amount in controversy exceeds $75,000 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court, due to defendants' deprivation of Lauro's civil rights and liberties under the 4th and 14th Amendments to the United States Constitution, as well as 42 USC § 1983.

6.      The Court has pendent jurisdiction over the state law claims (Count II) pursuant to 28 USC § 1367.

7.      The events giving rise to these claims occurred in this district.

8.      On August 21, 2020, at around 10:35 p.m., Mistretta executed a traffic stop.

9.      The vehicle Mistretta stopped was driven by Lauro.

10.     Lauro had a passenger in his vehicle.

11.     Mistretta is a large, muscular officer.

12.     Lauro is approximately 5'5" and 150 pounds.

13.     Lauro had an actively bleeding head wound.

14.     Mistretta pulled Lauro out of his truck.

15.     Mistretta pressed Lauro against Lauro's truck and handcuffed him.

16.     Mistretta asked Lauro if Lauro was involved in a shooting.

17.     Lauro said no.

18.     Mistretta slammed Lauro into the side of Lauro's truck.

19.     Mistretta again asked Lauro if he was involved in a shooting.

20.     Lauro again said no.

21.     Mistretta again slammed Lauro into the side of Lauro's truck.

22.     Mistretta instructed Lauro's passenger to come to the back of the truck.

23.     The passenger was cooperative and complied.

24.     Upon information and belief, Mistretta placed the passenger in the back seat of Mistretta's patrol car.

25.     Mistretta notified dispatch that he had the suspects in custody.

26.     Mistretta walked Lauro, handcuffed, to Mistretta's patrol car.

27.     Mistretta slammed Lauro onto the hood of his patrol car while Lauro was handcuffed.

28.     The force of the slam caused Lauro's feet to come off the ground momentarily.

29.     Mistretta placed Lauro, handcuffed, face down on the ground.

30.     Mistretta kneeled on Lauro's neck and back while Lauro was handcuffed.

31.     Lauro told Mistretta multiple times he could not breath.

32.     Mistretta told Lauro to "shut up" multiple times and threatened to tase him.

33.     Another officer arrived.

34.     Upon the other officer's arrival, Mistretta moved his knee off Lauro's neck and more onto his back.

35.     At no point, did Lauro resist or obstruct.

36.     Mistretta and the other deputy escorted Lauro to the back seat of a patrol car.

37.     Much of this exchange was captured on video.

38.     As a result of Mistretta's actions, Mistretta was criminally charged with assault and battery and misconduct in office by a public official.

39.     As a result of Mistretta's actions, Lauro has and will continue to suffer physical and mental damages, including but not limited to physical pain and suffering, emotional injuries, fright and shock, denial of social pleasure and enjoyments, embarrassment, humiliation and mortification, and any and all other damages learned through the course of discovery and recoverable under the law.

40.     As a result of Mistretta's actions, Lauro is entitled to punitive damages.

41.     Prior to Lauro's arrest, on information and belief, the City of Hartford and Hartford Police Department knew or had reason to know of Mistretta's violent propensities and his willingness to engage in the use of unnecessary and unreasonable force.

42.     Despite this knowledge, the City of Hartford and Hartford Police Department placed Mistretta in a position where these events could and did occur.

43.     In doing so, the City of Hartford and Hartford Police Department exhibited deliberate indifference toward citizens' constitutional rights, including Lauro's.

44.     At all times relevant to this lawsuit, the City of Hartford officially adopted policies permitting the use of excessive force; implemented and authorized customs and practices authorizing the use of excessive force; failed to train, hire, supervise, discipline, and adequately screen to prevent the use of excessive force by its officers; and/or final policymakers at the City of Hartford acted and made decisions that enabled the use of excessive force by its officers.

45.     As a result of the City of Hartford's actions and inactions, Lauro has and will continue to suffer physical and mental damages, including but not limited to physical pain and suffering, emotional injuries, fright and shock, denial of social pleasure and enjoyments,

embarrassment, humiliation and mortification, and any and all other damages learned through the course of discovery and recoverable under the law.

46.     As a result of the City of Hartford's actions and inactions, Lauro is entitled to punitive damages.

## COUNT I – EXCESSIVE FORCE – PURSUANT TO 42 USC § 1983 AND/OR 4th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION – OFFICER MISTRETTA

47.     Lauro repeats and re-alleges the common allegations as though fully set forth herein.

48.     Pursuant to 42 USC § 1983 and the 4th and 14th Amendments to the United States Constitution, Mistretta owed Lauro the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of excessive force.

49.     Any reasonable police officer in Mistretta's position at the time of this incident would have known that the use of the above-described force was illegal, unnecessary, and excessive under the same or similar circumstances.

50.     Mistretta breached the above duties and acted unreasonably and with reckless disregard for Lauro's rights in several ways, including but not limited to:

   a.     using inappropriate, excessive, and inexcusable force by slamming Lauro against Lauro's truck while Lauro was handcuffed; slamming Lauro onto the hood of Mistretta's patrol car while Lauro was handcuffed; and kneeling on Laura's neck while Lauro was handcuffed, making it difficult for Lauro to breath;

   b.     using violent force on Lauro when Lauro posed no immediate danger to himself or the general public, and while Lauro was complying with orders;

5

    c.     using violent force on Lauro when such force was unnecessary; and

    d.     all other breaches as learned through the course of discovery.

51.     The actions were perpetrated on Lauro against his will and without his consent.

Wherefore, Lauro Espino, respectfully requests this Honorable Court enter Judgment in his favor and against Defendants joint and severally in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT II – STATE LAW CLAIMS – GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT, AND ASSAULT AND BATTERY - OFFICER MISTRETTA

52.     Lauro repeats and re-alleges the common allegations as though fully set forth herein.

53.     Mistretta owed Lauro a duty to avoid acting in a grossly negligent manner toward Lauro; committing willful and wanton acts of misconduct toward Lauro; and using illegal force on Lauro (not assaulting and battering him).

54.     Mistretta breached the above duties and was grossly negligent, committed willful and wanton acts of misconduct toward Lauro, and assaulted and battered Lauro in several ways, including but not limited to:

    a.     using inappropriate, excessive, and inexcusable force by slamming Lauro against Lauro's truck while Lauro was handcuffed; slamming Lauro onto the hood of Mistretta's patrol car while Lauro was handcuffed; and kneeling on Laura's neck and back while Lauro was handcuffed, making it difficult for Lauro to breath;

    b.     failing to warn Lauro of the use of force;

      c.      failing to use non-violent methods of detainment, arrest, and/or

apprehension where Lauro was not resisting or obstructing, was

handcuffed, and, at times, was face down on the ground.

      d.      any and all additional acts of gross negligence and/or willful and wanton

misconduct as may become known through the course of discovery.

Wherefore, Lauro Espino, respectfully requests this Honorable Court enter Judgment in

his favor and against Defendants joint and severally in an amount in excess of $75,000, plus

costs, interest, and attorney fees.

### COUNT III – *MONELL* - PURSUANT TO 42 USC § 1983 AND/OR 4th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION – CITY OF HARTFORD

55.      Lauro repeats and re-alleges the common allegations as though fully set forth

herein.

56.      Pursuant to 42 USC § 1983, as well as the 4th and/or 14th Amendments to the

United States Constitution, City of Hartford owed Lauro certain duties, including but not limited

to:

      a.      adopting, adhering to, and enforcing policies that proscribed the use of

excessive force by its officers, including Mistretta;

      b.      implementing customs and practices that proscribed the use of excessive force

by its officers, including Mistretta;

      c.      training, hiring, supervising, disciplining, and adequately screening to prevent

the use of excessive force by its officers, including Mistretta;

      d.      employing policymakers who acted and made decisions that proscribed the

use of excessive force by its officers, including Mistretta; and

e.      prohibiting its officers from using unnecessary, unreasonable, excessive and/or illegal force under like circumstances.

57.      At all times relevant to this lawsuit, the City of Hartford knew or should have known that the use of excessive force was pervasive, and that officers needed better, more, and/or different screening, training, disciplining, and supervising, including Mistretta.

58.      City of Hartford breached its duties outlined above and acted unreasonably and with deliberate indifference to the public and Lauro's civil rights in several ways, including but not limited to:

a.      failing to adopt, adhere to, and enforce policies that proscribed the use of excessive force by its officers, including Mistretta;

b.      failing to implement customs and practices that proscribed the use of excessive force by its officers, including Mistretta;

c.      failing to train, hire, supervise, discipline, and adequately screen to prevent the use of excessive force by its officers, including Mistretta;

d.      employing policymakers who acted and made decisions that permitted the use of excessive force by its officers, including Mistretta;

e.      failing to prohibit its officers from using unnecessary, unreasonable, excessive and/or illegal force under like circumstances;

f.      failing to maintain a hiring process that screened applicants for violent propensities and/or poor judgment;

g.      negligently retaining individuals like Mistretta, whose personality and propensities posed a danger to the public in general and Lauro in particular;

h.      failing to train or negligently training Mistretta and other officers on how to manage a handcuffed, compliant individual like Lauro;

i.      failing to supervise or negligently supervising the standards, certifications, appointments, and practices of Mistretta and other officers;

j.      failing to discipline or negligently disciplining Mistretta and other officers for excessive force and poor judgment, causing an atmosphere of lawlessness; and

k.      all other incidents learned through the course of discovery.

Wherefore, Lauro Espino, respectfully requests this Honorable Court enter Judgment in his favor and against Defendants joint and severally in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Date:   August 11, 2022                          BY:    /s/Barry Conybeare
                                                        Barry Conybeare (P52056)
                                                        Nathaniel Harrington (P74782)
                                                        CONYBEARE LAW OFFICE, P.C.
                                                        Attorneys for Plaintiff
                                                        519 Main Street
                                                        Saint Joseph, MI 49085
                                                        (269) 983-0561

## JURY DEMAND

Plaintiff by and through his attorneys, Conybeare Law Office, P.C., hereby demand a trial by jury in the above captioned matter.


Date:   August 11, 2022                    BY:   /s/Barry Conybeare
                                                  Barry Conybeare (P52056)
                                                  Nathaniel Harrington (P74782)
                                                  CONYBEARE LAW OFFICE, P.C.
                                                  Attorneys for Plaintiff
                                                  519 Main Street
                                                  Saint Joseph, MI 49085
                                                  (269) 983-0561